UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BYRON MELENDEZ, and all others similarly situated under 29 U.S.C. 216(B) | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No: _____ |
| DJJRN, INC. D/B/A ZENNA RESTAURANT, | § § § | |
| Defendant. | § § | |

### COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, **BYRON MELENDEZ**, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this his Complaint Under 29 U.S.C. 201-206 Overtime Wage Violations against Defendant **DJJRN, INC. D/B/A ZENNA RESTAURANT** ("Defendant") and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff **BYRON MELENDEZ** was a resident of Dallas County, Texas at the time that this dispute arose.

3. The Defendant, **DJJRN, INC. D/B/A ZENNA RESTAURANT** ("Defendant"), is a company that that regularly transacts business within Dallas County, and may be served at its registered office at **3950 Rosemeade Pkwy #100, Dallas, TX 75287 USA** through its registered agent Dechbodee Derekvatana or wherever found or as allowed by law. Further, upon information and belief, Defendant was and is an FLSA employer of Plaintiff for Plaintiff's respective period of employment ("the relevant time period").

4.    This case is properly venued in the Northern District of Texas, Dallas Division as Defendant regularly transact business in this District and Division and a substantial part of the relevant acts or omissions giving rise to this dispute took place in the Northern District of Texas and Dallas Division.

### COUNT I.  FEDERAL OVERTIME WAGE VIOLATION

5.    This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(B).  It is believed that the Defendant has employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this Complaint back three years.

6.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7.    29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate..."

8.    29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9.    Plaintiff, BYRON MELENDEZ, has and does work for Defendant as restaurant worker and has been employed and worked as restaurant worker from on or about January 5, 2017 to present (the "relevant time period").

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to them by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while they worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

11. Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the years and 2018.

12. Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the years and 2019.

13. Upon information and belief, the Defendant is expected to have gross sales or business done in excess of $500,000 annually for the year 2020.

14. Furthermore, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15. From on or about January 1, 2018 to present, Plaintiff BYRON MELENDEZ, was employed by Defendant and worked an average of approximately 45 to 50 hours per week and was paid an average of $8.50 to $9.50 per hour worked, but Plaintiff was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor

Standards Act by Defendant. Plaintiff therefore claims the half time overtime rate for each overtime hour worked above 40 hours in a work week.

16. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Furthermore, upon information and belief, Defendant knowing underreported hours worked by Plaintiff. Defendant remains owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

17. Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendant, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

18. *The Plaintiff requests a trial by jury.*

**Respectfully submitted,**

*/s/ Thomas J. Urquidez*
Thomas J. Urquidez
State Bar No. 24052001
**URQUIDEZ LAW FIRM, LLC**
5440 Harvest Hill, Suite 234
Dallas, Texas 75230
Phone: 214-420-3366
Fax:    214-206-9802
E-mail:  tom@tru-legal.com

**ATTORNEY FOR PLAINTIFF
BYRON MELENDEZ**