IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BYRON MELENDEZ, | § | |
|     PLAINTIFF, | § | |
| V. | § | |
| | § | |
| DJJRN, INC. D/B/A ZENNA | § | CASE NO. 3:20-CV-102-S-BK |
| RESTAURANT, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Order of Reference*, Doc. 7, and 28 U.S.C. § 636(b)(1)(A), *Plaintiff's Motion for Final Default Judgment Pursuant to 29 U.S.C. § 216(B) as to DJJRN, Inc. d/b/a Zenna Restaurant for Claims, Fees, and Costs*, Doc. 14, has been referred to the undersigned for a recommended disposition. For the reasons stated herein, Plaintiff's motion should be **GRANTED**.

**I.      PROCEDURAL HISTORY**

Plaintiff sued Defendant in January 2020 to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"). Doc. 1. Plaintiff alleges that the Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and that Defendant is a Texas corporation. Doc. 1 at 1-2.

Plaintiff alleges that he was employed by Defendant, an enterprise engaged in interstate commerce, from January 2018 to the time he filed his complaint in January 2020. Doc. 1 at 3. Plaintiff also alleges "[u]pon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually" for the years 2018 to 2020. Doc. 1 at 3. Furthermore,

Plaintiff alleges that "Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the FLSA." Doc. 1 at 3. During his employment, Plaintiff claims that he worked more than 40 hours per week and that Defendant did not pay him time-and-a-half for his overtime hours. Doc. 1 at 3. Plaintiff also alleges that Defendant willfully violated his overtime rights under the FLSA. Doc. 1 at 4.

Defendant failed to appear by and through counsel when filing its Answer. Doc. 6. As a result, the Court struck Defendant's Answer and ordered it to file an answer or other responsive pleading through a licensed attorney by June 2, 2020. Doc. 10. Defendant failed to do so. Doc. 13. Thereafter, Plaintiff moved the Clerk for the entry of a default against Defendant, Doc. 12, which the Clerk issued., Doc. 13. Subsequently, Plaintiff filed this *Motion for Final Default Judgment*, Doc. 14, and, to support his requests for damages, costs, and attorneys' fees, submitted his sworn declaration and an affidavit from Thomas Urquidez ("Urquidez"), Plaintiff's attorney of record. Doc. 14 at 9, 14.

**II.   APPLICABLE LAW**

It is a settled rule of law that a corporation cannot appear in federal court unless it is represented by a licensed attorney. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). The appropriate remedy for a court to take when a corporation fails, after being ordered, to hire a licensed attorney is "inherently discretionary." *Id.* Among other things, the court may properly strike the defenses of a corporate defendant or enter a default judgment. *See Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984).

Federal Rule of Civil Procedure 55 governs the entry of a default judgment. FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes:

> (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 App. U.S.C. § 521; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12–cv–2092–M, 2013 WL 145502, at *2–*3 (N.D. Tex. Jan. 14, 2013). A plaintiff must also make a *prima facie* showing of jurisdiction. *Henderson v. Fenwick Protective Inc.*, No. 3:14–cv–505–M–BN, 2015 WL 9582755, at *2 (N.D. Tex. Nov. 23, 2015). The entry of a default judgment is completely within the Court's discretion. *Id.*

"A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "Put another way, '[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Id.* (quoting *Nishimatsu Constr.*, 515 F.2d at 1206). There must also be a sufficient basis in the pleadings for the judgment requested. *Henderson*, 2015 WL 9582755, at *2. Federal Rule of Civil Procedure 8(a)(2) "requires a

pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds on which it rests." *Wooten*, 788 F.3d at 498 (internal quotation marks omitted). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks omitted). "[D]etailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

**III.   ANALYSIS**

*A. Plaintiff is Entitled to a Default Judgment*

The prerequisites for entering a default judgment are satisfied in this case. First, the Clerk has entered a default against Defendant, noting proper service of process and Defendant's failure to file a responsive pleading or otherwise appear. Doc. 13. Second, Defendant is a corporation and, therefore, cannot be a minor, an incompetent person, or in active military service. Doc. 6; *see also* FED. R. CIV. P. 55(b)(2); 50 U.S.C. § 3931(b)(1).

Plaintiff has also sufficiently shown that the Court has jurisdiction over this matter. The Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this is a FLSA action. Doc. 1 at 1-2. Plaintiff also alleges that Defendant is a Texas citizen over whom the Court has personal jurisdiction. Doc. 1 at 1. As set forth below, Plaintiff also has sufficiently pled his claims and is entitled to a default judgment as to Defendant's FLSA liability.

The FLSA establishes minimum wage and overtime compensation requirements for covered employers. *See* 29 U.S.C. §§ 206, 207. "An employer who violate[s] these provisions

[can] be held civilly liable for backpay, liquidated damages, and attorney's fees." *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 31 (2014). As to overtime, the FLSA provides that "no employer shall employ any of his employees ... employed in an enterprise engaged in commerce ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Thus, to sufficiently plead a case for unpaid overtime compensation under the FLSA, Plaintiff must allege that: (1) an employer-employee relationship existed with Defendant during the unpaid overtime periods claimed; (2) either he or his employer engaged in commerce-related activities within the coverage of the FLSA; and (3) Defendant violated the FLSA's overtime wage requirements. *Henderson*, 2015 WL 9582755, at *4; *see also Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). An employee who sues for unpaid overtime under the FLSA also has the burden of proving that he performed work for which he was not properly compensated. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds as explained in Busk*, 574 U.S. at 30-32.

As to enterprise coverage, the FLSA defines an enterprise as one that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and ... whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i-ii). As to individual coverage, the FLSA does not define what it means for an employee to be "engaged in commerce," but the Court of Appeals for the Fifth Circuit has adopted a "practical test" for making such a determination, which asks "whether the work is so directly and vitally related to

the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam) (citation and internal quotation marks omitted).

Plaintiff satisfies the first FLSA requirement by alleging that he was employed by Defendant, he did not receive his earned overtime pay, and Defendant was his employer within the meaning of the FLSA. Doc. 1 at 2-4. As to the second element, Plaintiff also alleges that his employer was engaged in commerce, as required for individual coverage. Doc. 1 at 3. As to the third element, Plaintiff alleges that Defendant violated the FLSA's overtime wage requirements by not paying him time-and-a-half for the times that he worked more than 40 hours in a work week. Doc. 1 at 2-3; 29 U.S.C. § 207(a)(1). Plaintiff's allegations thus entitle him to a default judgment as to Defendant's FLSA liability. *See Johnson*, 758 F.3d at 630; *Wooten*, 788 F.3d at 496.

### B. Damages

"A default judgment does not establish the amount of damages." *Crawford v. Lee*, No. 3:10–cv–1499–L, 2011 WL 2115824, at *4 (N.D. Tex. May 24, 2011). "A defendant's default concedes the truth of the [well-pleaded] allegations of the Complaint concerning the defendant's liability, but not damages." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C–10–390, 2011 WL 4738197, at *3 (S.D. Tex, Oct. 5, 2011). Plaintiffs thus have "the burden to bring forth competent evidence in support of the damages that they seek." *Henderson*, 2015 WL 9582755, at *3. To meet this burden, Plaintiffs can "submit affidavits and declarations to provide an evidentiary basis for the damages they seek." *Id.*

Rule 55(b) gives the court discretion to convene an evidentiary hearing on the issue of damages. FED. R. CIV. P. 55(b). However, "[a] court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing 'where the amount claimed is a liquidated sum or one capable of mathematical calculation.'" *Henderson*, 2015 WL 9582755, at *3 (quoting *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998)). "A sum capable of mathematical calculation is one that can be 'computed with certainty by reference to the pleadings and supporting documents alone.'" *Id.* (quoting *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993)).

Time sheets, pay stubs, and work logs can substantiate claims for unpaid overtime compensation under the FLSA, but Defendant did not file an appropriate answer or other responsive pleading, Doc. 13, and did not participate in discovery. As a result, Plaintiff attests that he has based his estimate of his hours worked on his own records of time worked and paystubs to the extent he has them, as well as his best recollection. Doc. 14 at 11 (the "Declaration"). The Court finds that Plaintiff's Declaration is sufficient proof of his damages. *See Gomez*, 2015 WL 6150905, at *2 (Plaintiff's declarations may establish damages); *see also Henderson*, 2015 WL 9582755, at *5. Furthermore, the damages set forth in the Declaration are capable of mathematical calculation. Doc. 14 at 11. Therefore, a hearing is not necessary to determine the amount of damages pursuant to Rule 55(b)(2). *Henderson*, 2015 WL 9582755, at *5.

The Declaration establishes that Plaintiff was paid an hourly rate of approximately $9.50 during his employment with Defendant. Doc. 14 at 11. As such, Plaintiff's overtime premium was $4.75 per overtime hour. Plaintiff declares that he worked a total of approximately 55 hours for Defendant each week, amounting to 15 hours of overtime. Doc. 14

at 11. Plaintiff may recover unpaid overtime that he earned from January 2018 to January 2020, which consists of 104 weeks. Doc. 14 at 11. The Court may determine Plaintiff's unpaid overtime compensation by multiplying his overtime premium of $4.75 by his 15 hours of weekly overtime and the 104 weeks in his recovery period. This calculation establishes that Plaintiff is entitled to actual damages for unpaid overtime totaling $7,410.

Plaintiff also seeks liquidated damages pursuant to 29 U.S.C. § 216(b), which provides that employees may recover, in addition to their unpaid wage and overtime compensation, an equal amount of liquidated damages for a violation of Section 207. "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999). Because Plaintiff sufficiently alleged his entitlement to unliquidated damages, and Defendant has not responded or sustained its burden of showing that its failure to obey the FLSA was in good faith, the Court should further award Plaintiff liquidated damages in the amount of $7,410.

### C. Attorneys' Fees

Under the FLSA, an employer who violates the statute is required to pay attorneys' fees and costs in addition to any judgment awarded to the plaintiff. *See* 29 U.S.C. 216(b). Having established, through default, that Defendant is liable under the FLSA, Plaintiff has shown that he is entitled to attorneys' fees and costs.

This Court uses the "lodestar" method to calculate attorneys' fees. *See Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) ("[W]e use the lodestar method to calculate an appropriate attorney's fee award under the FLSA."). The lodestar is calculated by

multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence and the reasonableness of the hourly rate. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended, there is a strong presumption of the reasonableness of the lodestar amount. *Saizan*, 448 F.3d at 800.

Plaintiffs seek $8,050.00 in attorneys' fees for a total of 23 hours of work performed by attorney Urquidez. Doc. 14 at 3. Plaintiff submits an affidavit to establish his request for fees. Doc. 14 at 14 (the "Affidavit"); *see Gomez*, 2015 WL 6150905, at *2 (relying on attorney's affidavit to establish FLSA fees). According to the Affidavit, Urquidez has an hourly billing rate of $350.00. Doc. 14 at 15-16. Further, Urquidez has attached his billing records indicating that he expended 23 hours reviewing Plaintiff's files and documents, preparing and filing pleadings, and conferring with his client. Doc. 14 at 20-22.

Urquidez affirms that he has been licensed to practice in the State of Texas and has practiced law in Dallas, Texas for 14 years. Doc. 14 at 14-15. Urquidez also affirms that he has represented over 50 plaintiffs in FLSA cases. Doc. 14 at 15. In the Affidavit, Urquidez states that his hourly rate of $350.00 is customarily charged by attorneys with his reputation, skill, and experience and that courts in the Northern District of Texas and other Dallas County courts have previously awarded this rate to him in FLSA cases. Doc. 14 at 15-17.

Urquidez's hourly rate is consistent with the prevailing rates in Dallas County for attorneys with his experience, skill, and ability. Moreover, his requested hourly rate of $350.00 is reasonable and within the market rate for attorneys handling this type of litigation in the Dallas area. *See Henderson,* 2015 WL 9582755, at *6. Plaintiff does not seek an enhancement of his attorneys' fees, and there are no other exceptional circumstances. Based on all of the foregoing, Urquidez's fee request of $8,050.00 is reasonable.

### D. Costs

Plaintiff also seeks recovery of his costs incurred in connection to this matter. Doc. 14 at 3, 17, 24. The Affidavit computes Plaintiffs' costs at $485.00, which consists of $400.00 for filing fees and $85.00 for process serving. Doc. 14 at 24. However, Plaintiff is limited to the categories of costs recoverable under 28 U.S.C. § 1920. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). Section 1920 does not permit recovery of costs for process serving. *See Gomez,* 2015 WL 6150905, at *2. Therefore, Plaintiff is entitled to recover only $400.00 in costs.

### E. Interest

Prejudgment interest is not available for FLSA claims, like Plaintiff's, that seek compensation for unpaid overtime wages and liquidated damages. *See* 29 U.S.C. § 216; *Knowlton v. Greenwood Indep. Sch. Dist.*, 957 F.2d 1172, 1183 (5th Cir. 1992). Plaintiff is entitled to post-judgment interest, however. *See Henderson,* 2015 WL 9582755, at *7. "Interest shall be allowed on any money judgment in a civil case recovered in a district court" and such "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the

judgment." 28 U.S.C. § 1961(a) (internal footnote omitted). Plaintiff is entitled to an award of post-judgment interest at the Court's published rate for the week prior to the date of judgment until the date paid. *See id*. § 1961(b).

### IV.  CONCLUSION

For the foregoing reasons, *Plaintiff's Motion for Final Default Judgment Pursuant to 29 U.S.C. § 216(B) as to DJJRN, Inc. d/b/a Zenna Restaurant for Claims, Fees, and Costs*, Doc. 14, should be **GRANTED**. The Court should enter final judgment in Plaintiff's favor against Defendant, in the amount of $23,270.00 (consisting of unpaid overtime wages in the amount of $7,410, liquidated damages in the amount of $7,410, and reasonable attorneys' fees and costs in the amount of $8,450). Further, the Court's damages judgment should be subject to post-judgment interest at the Court's prevailing post-judgment interest rate from the date of judgment, compounded annually until paid.

**SO RECOMMENDED** on November 16, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).